OPINION
Appellants Patricia and Ronald Young are appealing the decision of the Licking County Court of Common Pleas, Juvenile Division, that granted sanctions against appellants and their counsel. The following facts give rise to this appeal.
Appellants are the grandparents of Amanda and Anthony Young. On February 12, 1998, appellants filed a complaint to establish residential parent, legal custodian and the allocation of parental rights and responsibilities. In their complaint, appellants allege Appellees Larry and Terri Young, the parents of Amanda and Anthony, refuse to allow companionship with them. The trial court conducted a preliminary conference on March 12, 1998. The trial court ordered the parties to submit additional argument for non-oral hearing on March 20, 1998. The trial court also appointed a guardian ad litem to represent the interests of the children.
Following the submission of additional argument by the parties, the trial court dismissed appellants' complaint and scheduled a hearing, for sanctions, on April 9, 1998. Following the hearing for sanctions, the trial court issued a judgment entry on April 13, 1998, imposing sanctions against appellants, jointly and severally, in the amount of $1,259 and appellant's counsel, Stephen Ames, in the amount of $1,295.
Appellants timely filed a notice of appeal and set forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN CONCLUDING THAT PETITIONER APPELLANTS AND THEIR COUNSEL ACTED IN BAD FAITH OR FRIVOLOUSLY.
 I
Appellants contend, in their sole assignment of error, the trial court abused its discretion when it concluded appellants and their counsel acted in bad faith and frivolously. We disagree.
The procedure for granting sanctions for frivolous conduct is contained in R.C. 2323.51(B)(1) and (B)(2)(a) through (c). This statute provides as follows:
 (B)(1) Subject to divisions (B)(2) and (3), (C), and (D) of this section and except as provided in division (E)(2)(b) of section 101.15 or division (I)(2)(b) of section 121.22 of the Revised Code, at any time prior to the commencement of the trial in a civil action or within twenty-one days after the entry of judgment in a civil action or at any time prior to the hearing in an appeal of the type described in division (A)(1)(b) of this section that is filed by an inmate or within twenty-one days after the entry of judgment in an appeal of that nature, the court may award court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal to a party to the civil action or appeal who was adversely affected by frivolous conduct. The award may be assessed as provided in division (B)(4) of this section.
 (2) An award may be made pursuant to division (B)(1) of this section upon the motion of a party to a civil action or an appeal of the type described in that division or on the court's own initiative, but only after the court does all of the following:
 (a) Sets a date for a hearing to be conducted in accordance with division (B)(2)(c) of this section, to determine whether particular conduct was frivolous, to determine, if the conduct was frivolous, whether any party was adversely affected by it, and to determine, if an award is to be made, the amount of that award;
 (b) Gives notice of the date of the hearing described in division (B)(2)(a) of this section to each party or counsel of record who allegedly engaged in frivolous conduct and to each party who allegedly was adversely affected by frivolous conduct;
 (c) Conducts the hearing described in division (B)(2)(a) of this section in accordance with this division, allows the parties and counsel of record involved to present any relevant evidence at the hearing, including evidence of the type described in division (B)(5) of this section, determines that the conduct involved was frivolous and that a party was adversely affected by it, and then determines the amount of the award to be made. * * *.
In R.C. 2323.51(A)(2)(a)(i) through (iv), the General Assembly defined "frivolous conduct" as follows:
 (2) "Frivolous conduct" means either of the following:
 (a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies any of the following:
 (i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
 (ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
 (iii) Allegations or other factual contentions have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery;
 (iv) Denials or factual contentions are not warranted by the evidence or, if specifically so identified, are not reasonablely based on a lack of information or belief.
A decision to impose sanctions lies within the sound discretion of the trial court and we will not reverse that decision absent an abuse of discretion. State., ex rel. Fant v.Sykes (1987), 29 Ohio St.3d 65. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. We find the trial court did not abuse its discretion when it ordered appellants and their counsel to pay sanctions. In the judgment entry of April 13, 1998, the trial court found that appellant's counsel engaged in frivolous conduct by filing a complaint, in a civil action, which is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification or reversal of existing law, and cannot be supported by a good faith argument for the establishment of new law. The trial court also found appellees were adversely affected by appellants' frivolous conduct. The trial court further determined that appellants instituted this custody proceeding for purposes of harassing and/or maliciously injuring the parents of these two minor children and for no other purpose. Judgment Entry, April 13, 1998, at 6. We agree with the trial court that in addition to not providing any authority for their position, the legal position which appellants adopted is clearly contrary to the Ohio Supreme Court's decision in In re Gibson (1991), 61 Ohio St.3d 168. InGibson, the Supreme Court held: "The complaint of a grandparent seeking only visitation with a grandchild may not be determined by the juvenile court pursuant to its authority to determine the `custody' of children under R.C. 2151.23(A)(2)." Id. at syllabus. The Court further noted that pursuant to its decision in In reWhitaker (1988), 36 Ohio St.3d 213, "* * * grandparental visitation rights in Ohio `do not vest until the occurrence of a disruptive precipitating event, such as parental death or divorce. Otherwise, the common-law view of deferring to parental autonomy in raising the child is observed despite any moral or social obligations that may encourage contact between grandparents and grandchildren.'" (Footnote omitted.) Id. at 169, citing Whitaker
at 215. Based upon the above case law, we find the trial court did not abuse its discretion in concluding appellants and their counsel acted frivolously when they initiated this lawsuit against appellees.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., concurs.
Hoffman, J., concurs separately.